IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUBERT PALMER, III,     Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:13-CV-4726-M-BK |
| WELLS FARGO BANK, N.A.,     Defendant. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management.  Now before the Court is Defendant *Wells Fargo Bank, N.A.'s Motion to Dismiss Pursuant to Rule 12(b)(6)*, Doc. 12.  For the reasons that follow, it is recommended that the motion be **GRANTED**.

**I.  BACKGROUND**

This suit stems from the anticipated foreclosure sale of real property located at 1433 Swift Fox Drive, Lancaster, Texas 75134 (the "Property").  According to *Plaintiff's Original Petition for Quiet Title and Validation of Debt*, filed in state court on October 31, 2013, Plaintiff executed a Deed of Trust to the benefit of Southwest Funding LP, in or about January 2010. Doc. 1-5 at 2.  Plaintiff further alleges that "[o]n or before October 14, 2013, Defendant gave notice of foreclosure of the lien on the . . . Deed of Trust in spite of the fact that there is no assignment of record that gives Defendant the right to the action."  Doc. 1-5 at 2.  Plaintiff further contends that "[b]ecause Defendant has provided no evidence that they are in fact Holder of the Note, they have no authority to collect on the note" and their attempts to do so are "hereby fraudulent, deceptive and/or misleading representations, actionable under the Texas Finance Code [and] the Texas Debt Collection Act (TDCA)."  Doc. 1-5 at 2-3.  Plaintiff also sues "for

trespass to try title and to remove cloud on title," Doc. 1-5 at 3, and asserts (1) a breach of contract claim, (2) violation of the Real Estate Settlement Procedures Act (RESPA), and (3) violations of Texas Property Code sections 51.002(d) and 51.0025(2), Doc. 1-5 at 5-7.  Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.  Doc. 1-5 at 4-6.

Defendant timely removed the case to this Court on December 2, 2013, on the bases of federal question and diversity jurisdiction.  Doc. 1 at 1-4.  Defendant filed its motion to dismiss for failure to state a claim on April 9, 2014, in which it argues, *inter alia*, that it has the legal right to foreclose.  Doc. 12, *passim.*  Defendant includes in its appendix copies of the Note, the Deed of Trust, and the *Assignment of Deed of Trust*.  Doc. 13-1; Doc. 13-2; Doc. 13-3.

In his response filed on April 30, 2014, Plaintiff argues that he requested documentary proof of Defendant's authority to foreclose in January 2014, but it was never provided; thus, "[i]t is Plaintiff's belief that the defendants do not have authority to foreclose on the property and are in fact not the actual holders of the original note, and therefore entitled [sic] to collect on the debt."  Doc. 14 at 1-2.  In reply, Defendant reiterates that Plaintiff's claims are all predicated on the debunked "show-me-the-note" theory, and thus, fail.  Doc. 1 at 1-2.

Upon review of the pleadings and the applicable law, the Court concludes that Defendant's position is well taken and this case should be **DISMISSED WITH PREJUDICE**.

## II.   APPLICABLE LAW

Because Defendant's motion to dismiss pursuant to Rule 12(b)(6) was filed after its answer, the Court construes it as a motion filed under Rule 12(c).  *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (the court may construe an untimely Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings for failure to state a claim).  The pleading

standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6).  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).  To overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial."  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

### III.  DISCUSSION

As Defendant points out, all of Plaintiff's claims are premised on his argument that Defendant has not proven that it was properly assigned the Deed of Trust and the Note, and that Defendant has failed to produce the original Note.  Doc. 1-5; Doc. 14.  Plaintiff's claims lack any factual basis.

First, the *Assignment of Deed of Trust* evinces a valid transfer by "Mortgage Electronic Registration Systems, Inc., as Nominee for Southwest Funding, L.P./Trustee: Kelly Rule" to Defendant Wells Fargo Bank, NA, the Deed of Trust executed by Plaintiff on January 29, 2010.[1]

---

[1]  Although, generally, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."  *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir.2000) (citations omitted).  Here,

Doc. 13-3.  The *Assignment of Deed of Trust*, executed on August 15, 2011 and recorded in the Dallas County records the following day, purports also to transfer to Defendant "the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust."  Doc. 13-3 at 1-2.  One of the rights conveyed in the Deed of Trust is the right to accelerate the debt in the event of Plaintiff's default, and to foreclose and sell the Property.  Doc. 13-2 at 1, 3-4.

  Second, Plaintiff's allegation that Defendant lacks authority to foreclose because it has not produced the original Note, the so-called "show-me-the-note" theory of recovery has been roundly rejected and, therefore, cannot form the basis for any cognizable claim.  *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013) ("The original, signed note need not be produced in order to foreclose").

  Accordingly, Defendant's motion to dismiss should be granted as to all of Plaintiff's Texas statutory and common law claims, and his RESPA claim.  Moreover, because Plaintiff has not and cannot state a tenable claim for substantive relief, his claims for declaratory and injunctive relief also fail and should likewise be dismissed.  *Schilling v. Rogers*, 363 U.S. 666, 677 (1960) (holding that the availability of a declaratory judgment depends upon the existence of a judicially remediable right); *Doughty v. J.P. Morgan Chase Bank, N.A.*, No. 13-CV-4404, 2014 WL 1976875 at *3 (N.D. Tex. 2014) (Toliver, M.J.) ("Because Plaintiff has not stated a claim for substantive relief, his claim for injunctive relief fails.").

---

the Note, Deed of Trust, and *Assignment of Deed of Trust* are included in the appendix to the motion to dismiss and are central to Plaintiffs' claims.  Moreover, each document reflects its recordation in the Dallas County records.  Thus, the Court takes judicial notice of them.  FED. R. EVID. 201(b)(2) (a court may take judicial notice of a fact when "it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

Finally, while ordinarily, Plaintiff should be permitted to amend his complaint to cure the pleading defects, leave to amend is not required here.  Because Plaintiff's claims all stem from a debunked legal theory, the defects identified herein are clearly incurable.  *See Great Plains Trust*, 313 F.3d at 329 (holding that a district court should allow the plaintiff at least one opportunity to cure pleading deficiencies "unless it is clear that the defects are incurable").  Stated a different way, Plaintiff's claims fail as a matter of law, and he simply cannot restate a cognizable claim on the facts he alleges.

### IV.  CONCLUSION

For the reasons set forth above, it is recommended that Defendant *Wells Fargo Bank, N.A.'s Motion to Dismiss Pursuant to Rule 12(b)(6)*, Doc. 12, be **GRANTED**, and this case be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on September 10, 2014.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE